Dempscie Lee Moore v. Commissioner.
Moore v. Commissioner
Docket No. 39192.
United States Tax Court
1953 Tax Ct. Memo LEXIS 155; 12 T.C.M. (CCH) 893; T.C.M. (RIA) 53269; August 10, 1953
*155 Respondent determined deficiencies and penalties for the years 1946 to 1949, inclusive, for unreported business income allegedly received by petitioner from the truck leasing business. Held, in those years petitioner was not in the truck leasing business and had no taxable income, the sources of the funds in question being the sale of assets and repayments of loans. Walter L. Mims, Esq., and Robert Gwin, Esq., 206 Massey Building, Birmingham, Ala., for the petitioner. D. Louis Bergeron, Esq., for the respondent. BLACK Memorandum Findings of Fact and Opinion Respondent determined deficiencies and penalties in income tax against the petitioner as follows: Sec.
Sec. 293(b)
294(d)(1)(A)
Year
Deficiency
Penalty
Penalty
Penalty
1946
$ 936.86
$ 468.43
$ 234.21
$ 93.69
1947
5,530.78
2,765.39
1,382.69
553.08
1948
1,304.35
652.17
326.09
130.43
1949
754.39
377.20
188.60
75.44
$8,526.38
$4,263.19
$2,131.59
$852.64
*156 Respondent has made a jeopardy assessment of the foregoing deficiencies and penalties. Petitioner did not file any income tax returns in any of the above years. Respondent determined that the petitioner received the following amounts of income in the respective years: Business
Net
Year
Income
Deductions
Income
1946
$ 8,059.00
$ 2,996.81
$ 5,062.19
1947
21,987.26
4,243.52
17,743.74
1948
12,943.13
5,860.01
7,083.12
1949
10,355.01
5,601.20
4,753.81
$53,344.40
$18,701.54
$34,642.86
In the deficiency notice the Commissioner did not give the petitioner any information as to how he arrived at the amounts of petitioner's gross income in the respective taxable years. For example, as to the first taxable year 1946, the Commissioner made a determination of "(a) Business income $8,059.00" and explained this determination in his deficiency notice as follows: "(a) It has been determined that you received income in the amount of $8,059.00 during the taxable year ended December 31, 1946 which is taxable under the provisions of Section 22(a) of the Internal Revenue Code." No explanation was given in the deficiency notice *157 as to how the Commissioner arrived at this figure of $8,059 gross income from business, nor in what business petitioner was engaged. The same situation exists as to the Commissioner's determination of petitioner's gross income for the other taxable years and it is not necessary to set out here the same explanations which he made as to those years. By appropriate assignments of error petitioner contests all the deficiencies and penalties above and denies receiving any income sufficient in amount to require her to file returns in these years. For example, as to the taxable years 1946, petitioner, in paragraph 5(e) of her petition, says: "(5) The facts upon which the petitioner relies as the basis of this proceeding are as follows: * * *
"(e) The petitioner denies having received business income during the taxable year ending December 31, 1946, in the amount of $8,059.00, but states that such transactions as were made by the petitioner consisted of purchases, loans, and payments made on behalf of other individuals and that the petitioner had no interest whatsoever in the aforesaid transactions. Your petitioner further states that during the taxable year ending December 31, 1946, she *158 made certain expenditures from capital funds which were in her possession prior to January 1, 1946." Similar denials were made as to respondent's determination of petitioner's gross income for the other taxable years. Findings of Fact Some of the facts have been stipulated and are found accordingly. Dempscie Lee Moore, the petitioner, is a resident of Birmingham in Jefferson County, within the collection district of Alabama. Petitioner did not file returns for the taxable years 1946 to 1949, inclusive, the tax years in question here, nor did she maintain any books or records showing any income. She was not carrying on any kind of business during any of the taxable years. Petitioner filed an individual income tax return, Form 1040, on March 14, 1946, for the taxable year 1945, wherein she reported $2,600 as her share of the income of First Avenue Produce Company, which corporation went out of business on or about July 4, 1945, and $629.90 profit which she realized from the sale of her equity in her house and lot located at 220 Munger Street, Birmingham, Alabama, a total income of $3,229.90. For the taxable year 1950 she filed an individual income tax return, Form 1040, on *159 March 15, 1951, wherein she reported an adjusted gross income of $3,070.84, arrived at as follows: Sales
$57,446.11
Cost of Sales
41,140.22
Gross Profit
$16,305.89
Deductions
13,970.05
Profit
$2,335.54 [1]
Hog Sales
5,900.00
Less Purchases
800.00
Gross Profit
$ 5,100.00
Deductions
4,365.00
Profit
735.00
Adjusted Gross Income
$3,070.54
Expenses
1,823.86
Taxable Income
$1,246.68
The type of business operated by petitioner in 1950, which is not shown on the return, was the truck leasing business. During the period 1946 to 1949, inclusive, petitioner had a bank account at the Exchange Bank, Birmingham, Alabama. She was the only one who could draw on the bank account, according to the signature card. During this period the following deposits were made in petitioner's bank account: 1946
1947
1948
1949
Currency
$1,360.00
$13,095.00
$2,380.00
$2,535.00
Checks
1,836.16
2,456.45
369.37
Totals
$1,360.00
$14,931.16
$4,836.45
$2,904.37 In addition, the following amounts representing proceeds from checks were retained by petitioner: 1947
$1,300.00
1948
311.68
*160 The ledger sheets at the bank disclosed the following loans made to petitioner by the bank: Loan
Date
Number
Amount
4- 4-46
51769
$ 5,497.00
6-26-46
52588
4,858.10
9-23-47
57451
9,494.89
2-19-48
59340
1,550.64
8-26-48
61603
1,857.49
11-23-48
63705
2,000.00
4-15-49
1358
1,500.00
6-28-49
2233
2,500.00
Total
$29,258.12 On September 23, 1949, loan #2233 was renewed for the full amount as loan #9112. The loans were repaid as follows: Loan Number
1946
1947
1948
1949
Totals
51769
$3,664.00
$1,833.00
$ 5,497.00
52588
3,035.00
1,823.10
4,858.10
57451
2,400.00
$6,400.00
8,800.00
59340
1,170.00
$ 250.64
1,420.64
61603
300.00
1,200.00
1,500.00
63705
2,000.00
2,000.00
1358
1,500.00
1,500.00
9112
2,500.00
2,500.00
Totals
$6,699.00
$6,056.10
$7,870.00
$7,450.64
$28,075.74 The amounts repaid above were not repaid from petitioner's bank account. In addition to the above repayments, the following amounts were paid from petitioner's bank account: Loan No. 57451 (Balance)
$694.89
Loan No. 59340 (Balance)
130.00
Loan No. 61603
100.00
*161 On December 31, 1949, a balance of $257.49 was still due on loan #61603. The amounts of currency and portions of checks deposited at the Exchange Bank, as well as the portions of the checks not deposited in the bank, during 1947 and 1948, and the repayments of loans identified above represent the gross income denominated "business income" determined in the statutory notice for the taxable years 1946, 1947, 1948, and 1949. In arriving at the taxable net income disclosed by the statutory notice dated December 4, 1951, the revenue agent made the following determination of gross income: DEPOSITS
1946
1947
1948
1949
Currency
$1,360.00
$13,095.00
$ 2,380.00
$ 2,535.00
Checks
1,836.16
2,456.45
369.37
NOT DEPOSITED
Checks
1,300.00
311.68
Total
$1,360.00
$16,231.16
$ 5,148.13
$ 2,904.37
Repayment of loans to Bank
6,699.00
6,056.10
7,870.00
7,450.64
Total
$8,059.00
$22,287.26
$13,018.13
$10,355.01
Total per Statutory Notice
8,059.00
21,987.26
12,943.13
10,355.01
Adjustments
None
$ 300.00
$ 75.00
None The adjustments above for 1947 and 1948 represent additional checks or currency. The only person who had access to her *162 deposit box at the Exchange Bank was petitioner. Petitioner often retained considerable sums of cash in her safe deposit box. Petitioner became engaged in the produce business in the City of Birmingham about the year 1930, either independently or with her husband. She continued in the produce business in that manner until about 1943 or 1944, at which time her business was incorporated under the name of First Avenue Produce Company. A. H. Nelson became associated in the business as a stockholder. Petitioner retired from the produce business during July of 1945, when the First Avenue Produce Company was dissolved. At that time she possessed approximately $8,500 in cash. She sold a house and lot in November 1946, and received the sum of $5,928.02 net cash which she kept at her home. She had an account receivable from A. H. Nelson of $15,500 which she collected in various installments during the years at issue and those sums were the source of money deposited to her bank account from time to time as the need arose. Petitioner did not enter business again for herself until in 1950. All the loans made to petitioner with the exception of one for $1,550.64 and one for $1,857.49, repayment *163 of which was included in gross income by the Commissioner, were made for accommodation of either J. D. Hudson or A. H. Nelson and were repaid by them out of their own funds without profit to petitioner. Certain trucks and trailers were conveyed to petitioner but possession of these vehicles was in third persons who used them for their own profit and considered them as their own and shared no part of any profits therefrom with petitioner. Petitioner's only source of earnings during the taxable years was rental from rooms in her home which was less than $600 in each of the taxable years in question. Petitioner had no other income in any of the taxable years. Opinion BLACK, Judge: Respondent determined deficiencies and penalties for unreported business income in the total amount of $53,344.40 received in 1946 to 1949 allegedly from the truck leasing business. Respondent computed petitioner's income over the 4-year period by adding $25,643.66 representing bank deposits and $28,075.74 bank loan repayments and subtracting $375 adjustments. Petitioner denies being in the truck leasing business and receiving any taxable income therefrom in those years. The question raised is one of fact *164 alone. At the hearing of this proceeding petitioner took the witness stand and testified at length. She testified that the business in which she was engaged for several years was discontinued in 1945, and the corporation was dissolved. She testified that in 1946, 1947, 1948, and 1949, she was not engaged in any sort of business and that she had only a small amount of income in each of those years which was from rental of rooms in her residence and that the amount received from these rents in each of the taxable years was less than $600 and that she filed no income tax return for any of those years because she was not required by law to do so. She testified that she went back into business in 1950, and resumed filing income tax returns after she went back into business. The amount of gross income and deductions shown on petitioner's return for 1950, after she went back into business, has been stipulated. Her income for 1950 is not in issue here. Petitioner's testimony was corroborated by two witnesses, namely, J. D. Hudson and A. H. Nelson who were associated with her in the business of First Avenue Produce Company in one way or the other prior to its discontinuance in 1945. We think *165 petitioner has borne her burden of proof to rebut the presumptive correctness of respondent's determination. The source of the bank deposits was not taxable income. When petitioner retired from business in 1945, she had cash on hand of $8,500 and received $5,928.02 from the sale of her house, a total of $14,428.02, plus the sum of $15,500 from the repayment of a personal loan, which is a total of $29,928.02. The bank loans originally made to petitioner were for the benefit and accommodation of two personal friends, Hudson and Nelson. These friends repaid petitioner by repaying these loans to the bank during the years in question. The respondent contends that the source of petitioner's bank deposits and loan repayments was the operation of trucks. However, the trucks were placed in petitioner's name for the convenience of personal friends to whom petitioner had loaned money. The persons who possessed, operated, and eventually sold these trucks, namely, Hudson and Nelson, testified that all of the income therefrom was their own and that no part thereof inured to the benefit of petitioner. The repayment of loans in petitioner's name without interest, gain, or profit to petitioner *166 by the persons who received the benefit of these loans is not income to petitioner. Since petitioner received no taxable income, no penalties are applicable. Decision will be entered for the petitioner. Footnotes
1. This figure should have been $2,335.84.↩